# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

HANSON AND MORGAN LIVESTOCK, INC.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 5:07-cv-00330

B4 CATTLE COMPANY, INC., and
BERT SMITH, IV,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This action arises out of alleged cattle dealings gone awry between Plaintiff Hanson and Morgan Livestock, Inc., a West Virginia corporation, doing business as Greenbrier Valley Livestock Market and Defendants B4 Cattle Company (B4 Cattle), a Virginia Corporation, and Bert Smith, the sole officer and shareholder of B4 Cattle, and a resident of Tennessee.

Currently pending before the Court are: (1) Plaintiff's Motion for Entry of Default by the Clerk Against B4 Cattle [Docket 6];[1] (2) Plaintiff's Motion for Entry of Default Judgment [Docket 6]; (3) B4 Cattle's Motion to Set Aside Default [Docket 11]; (4) Plaintiff's Request for a Bond and/or Costs [Docket 14]; (5) B4 Cattle's Proposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Docket 15-3]; (6) Plaintiff's Request to Reissue Summons for B4 Cattle [Docket 19]; and

---

[1] Because the Clerk entered default on behalf of B4 Cattle on August 7, 2007 [Docket 10], pursuant to this Court's Order [Docket 9], Plaintiff's Motion for Entry of Default by Clerk [Docket 6] is **DENIED AS MOOT**.

(7) B4 Cattle's Proposed Motion to Dismiss Plaintiff's Fraud Claim Pursuant to Fed. R. Civ. P. 9(b) [Docket 15-3].[2]

## *I. BACKGROUND*

Plaintiff alleges that on several occasions Defendants tendered checks to it in exchange for cattle, which were returned to Plaintiff unpaid. Thereafter, Defendants allegedly paid a portion of the debt, but $356,388.03 remained outstanding. As a result, Plaintiff filed a five-count complaint in this Court on May 23, 2007.[3] Both the summons and complaint were served on B4 Cattle through the West Virginia Secretary of State pursuant to W. Va. Code § 31D-15-1510. Under W. Va. Code § 31D-15-1510, service of process on a corporate defendant via the West Virginia Secretary of State requires the Secretary of State to "transmit one copy of such process or notice by registered or certified mail, return receipt requested, [and is sufficient only] if return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the secretary of state is refused by the addressee and the registered or certified mail is returned to the secretary of state . . . [showing] that delivery has been refused." *See also Crowley v. Krylon Diversified Brands*, 607 S.E.2d 514, 516-17 (W. Va. 2004); W. Va. R. Civ. P. 4(d)(1)(E).

The Legal Notice from the West Virginia Secretary of State, dated June 19, 2007, was filed with the Clerk of this Court on June 25, 2007, and indicates that the Secretary of State mailed the summons and complaint to B4 Cattle on May 24, 2007, and that the certified mail was signed for (but not dated) sometime thereafter, but prior to June 19, 2007. The parties dispute who signed for

---

[2] The Court will address Bert Smith's Motion to Dismiss [Docket 21] in a later memorandum opinion.

[3] Jurisdiction is present pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

the summons and complaint and in what capacity. According to Plaintiff, it was signed for by Vi Fingerlow, a receptionist at the building where B4 Cattle maintains its offices and who is allegedly an agent or employee of B4 Cattle. Defendants assert that they do not know who signed for the documents, and whoever did sign for them was neither an agent nor an employee of the company.[4]

On July 24, 2007, Plaintiff erroneously filed a motion for default judgment, which prompted the Court to enter an order directing the Clerk to file an entry of default before the Court would consider the motion for default judgment. *See* Fed. R. Civ. P. 55; 10 James W. Moore, *Moore's Federal Practice* ¶ 55.10(1) (3d ed. 1997) (entry of default is a prerequisite for a default judgment). The Clerk entered default on August 8, 2007, and before the Court could enter a default judgment, B4 Cattle filed its motion to set aside the entry of default on August 14, 2007.

In its motion, B4 Cattle argues that under Fed. R. Civ. P. 55(c), good cause to set aside the entry of default exists because: (1) it has meritorious defenses against Plaintiff's claims and has meritorious counterclaims; (2) it acted with reasonable promptness; (3) Plaintiff will not be prejudiced because this case must proceed against Bert Smith regardless; and (4) the delay in responding to the complaint was the result of ineffective service of process because an agent or employee of B4 Cattle did not sign for the summons and complaint.

Plaintiff responds to B4 Cattle's arguments and further asserts that B4 Cattle should be required to post a bond and pay Plaintiff's expenses in obtaining the entry of default and responding to the motion to set aside. B4 Cattle replied and attached to its reply a proposed motion to dismiss. In this proposed motion, B4 Cattle argues that the case should be dismissed under Fed. R. Civ. P.

---

[4] Although the documents were signed for by an individual who is allegedly not an agent or employee of the corporation, somehow B4 Cattle's attorney reviewed the complaint prior to June 28, 2007. (*See* Docket 11 at 3.)

3

12(b)(5) because Plaintiff failed to effect proper and sufficient service of process due to the fact that the return receipt was not signed by an agent or employee of the corporation. Also, B4 Cattle argues that in the event the case is not dismissed, Plaintiff's fraud claim, contained in Count III of the complaint, should be dismissed because it was not pled with particularity. *See* Fed. R. Civ. P. 9(b).

Plaintiff responds in a supplemental brief in opposition and attaches an affidavit of an individual who visited the offices of B4 Cattle. The affiant declares that the signature on the return receipt is that of a receptionist in the office building where B4 Cattle rents its office space. Based on this evidence, Plaintiff argues that the summons and complaint were indeed signed for by an agent or employee of B4 Cattle. Alternatively, should the Court find that service was not properly effected, Plaintiff requests that the Court order the Clerk to reissue summons for B4 Cattle. Finally, with respect to the fraud claim, Plaintiff asserts that the complaint does set forth sufficient particularity, and if it does not, then the Court should grant it leave to amend.

## II. MOTION TO SET ASIDE ENTRY OF DEFAULT

*A. Standard*

Pursuant to Fed. R. Civ. P. 55(c), a court may, "for good cause shown," set aside an entry of default. "The disposition of motions made under Rule[] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 250 (4th Cir. 1967). There are several factors a district court should consider in deciding whether to set aside an entry of default. These factors include: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 205 (4th Cir.

2006). In weighing and evaluating these factors, the Court must consider the "extensive line of decisions that [hold] Rule [] 55(c) . . . [should] be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Accordingly, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id*.

  *B.*  *Analysis*

In evaluating the applicable factors, the parties focus on the existence of meritorious defenses and counterclaims. B4 Cattle argues that the purchaser of the cattle, Jimmy Huff, was neither its agent nor its employee, but rather an independent contractor, therefore, Plaintiff has no basis of recovery under a breach of contract theory because Huff did not have the authority to purchase the cattle. B4 Cattle further asserts, as a basis for a meritorious counterclaim, that the cattle suffered a high rate of death loss, which can be attributed to Plaintiff. Plaintiff responds by stating that B4 Cattle provides no evidentiary support and that conclusory statements of meritorious defenses are not sufficient to establish good cause. B4 Cattle focused its reply on its agency defense and attached to the reply an affidavit of Bert Smith averring that Huff was neither an agent nor employee of B4 Cattle at the time he purchased the cattle from Plaintiff.

Importantly, the defense need not be *proven* at this stage in order for it to be "meritorious" for purposes of the Court's analysis. *Wainwright's Vacations, LLC v. Pan Am. Airways, Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor."); *cf. Md. Nat'l Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 190 (D. Md. 1992) ("The mere assertion of a meritorious defense is not enough, Defendant must state the underlying facts to support the

defense.") (citation omitted). In fact, even if a defense is tenuous, then the "meritorious defense" factor should weigh in favor of granting a motion to set aside entry of default. *See Rasmussen v. Amer. Nat'l Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994) (Haden, J.) ("Although the Court finds the Defendant's 'meritorious defense' argument tenuous, it nonetheless recognizes the general policy of deciding cases on their merits."). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

The evidence proffered by B4 Cattle in the form of an affidavit from Bert Smith, would, if believed, permit the jury to find for B4 Cattle. Bert Smith swears that Huff was neither an agent nor an employee of B4 Cattle and was not authorized to make any contracts on behalf of him or B4 Cattle. Generally, in order for a principal to be liable for breach of a contract entered into by an agent, the agent must have had the authority to enter into the contract. *See* syl. pt. 1, *Bank of White Sulphur Springs v. Lynch*, 116 S.E. 685 (W. Va. 1923). "A principal is bound by acts of an agent if those acts are either within the authority the principal has actually given his agent, or within the apparent authority that the principal has knowingly permitted the agent to assume." *Clint Hurt & Assocs. v. Rare Earth Energy*, 480 S.E.2d 529, 535 (W. Va. 1996) (quoting *Thompson v. Stuckey*, 300 S.E.2d 295, 299 (W. Va. 1983)). Thus, because B4 Cattle proffers evidence that supports a finding that Huff had no authority to act on its behalf, although it may be, at best, considered tenuous, the "meritorious defense" factor weighs in favor of setting aside the entry of default.

Morever, considering whether B4 Cattle acted with reasonable promptness, B4 Cattle moved quickly in filing its motion to set aside default. Its motion to set aside was filed merely six days after

the Clerk entered default. Other courts have held that responses given within similar time frames were reasonably prompt. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (two weeks); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (fifteen days); *Bank United v. Hamlett*, 286 B.R. 839, 843 (W. D. Va. 2002) (nineteen days); *Colleton Preparatory Acad., Inc. v. Beazer E. Inc.,* 223 F.R.D. 401, 406 (D.S.C. 2004) (nine days); *Rasmussen*, 155 F.R.D. at 551 (three days).   Further, there is no history of dilatory actions by B4 Cattle, and the brief delay in no way prejudiced Plaintiff.

Courts applying these factors have placed the greatest weight on determining whether the defaulting party or counsel for the defaulting party bears the responsibility for the delay.  *Palmetto Fed. Sav. Bank v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 932 (D.S.C. 1991), *vac. by agreement of parties*, 1991 U.S. Dist. LEXIS 21831 (D.S.C. May 15, 1991) (listing cases).  While there may be some degree of personal responsibility on behalf of B4 Cattle for not properly designating an agent to obtain the delivery of its mail in accordance with the address given to the Secretary of State, the primary delay seemed to be caused by B4 Cattle's Virginia counsel not locating and procuring local counsel in West Virginia in a timely fashion.  In Bert Smith's affidavit, he states that: "I have relied on my lawyer . . . to find local counsel and get responsive pleadings filed in this case."  (Docket 15-2 at 2.)  Because it appears that B4 Cattle's counsel had the complaint on June 28, 2007, and did not act on it until entry of default was entered, which was nearly one month later, the Court finds that there is little degree of personal responsibility on behalf of B4 Cattle, and accordingly, this factor also weighs in favor of setting aside default.  *See Moradi*, 673 F.2d at 728 ("justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings").  Importantly,

the record does not reflect that the delay was caused in bad faith and as discussed below, the availability of other less drastic sanctions are available.

In addition, Plaintiff was aware that an answer and defense should have been expected through the communications made with B4 Cattle's counsel. (*See* Docket 14-2 at 1, Ex. A-B.) Whatever prejudice resulted from Plaintiff having to file a motion for entry of default can be cured because less drastic remedies are available. Specifically, the availability of the Court's power to award Plaintiff the fees associated with bringing the motion for entry of default. *See Belvac Prod. Mach., Inc. v. Std. Indus. Prods. Co.*, No. 6:06-00034, 2007 U.S. Dist. LEXIS 29812, at *8-9 (W.D. Va. Apr. 23, 2007) ("there appear to be less drastic sanctions available: [the parties] have agreed that [the third-party defendant] will reimburse [the third-party plaintiff] for the latter's fees and costs associated with filing the motion for default and with the original discovery plan"); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987) ("The attorney, for example, could have been charged with all costs and expenses attendant to the delay, including attorneys' fees, or even held in contempt of court."). Accordingly, the Court **GRANTS** Plaintiff's request for fees associated with bringing its motion for entry of default and for having to respond to this motion to set aside default. However, the Court **DENIES** Plaintiff's request for an order directing B4 Cattle to post a bond.

Given the possibility of meritorious defenses, the availability of less drastic sanctions, the fact that there will be little prejudice to Plaintiff, and the policy of deciding cases on the merits, the Court **FINDS** that good cause exists to set aside the entry of default.[5] Accordingly, B4 Cattle's

---

[5] As discussed in more detail *infra*, based on Plaintiff's most recent filings, service was effective and the Court did not consider ineffective service of process as a ground for setting aside the default.

motion to set aside entry of default by the Clerk is **GRANTED** and Plaintiff's motion for entry of default judgment is **DENIED**. Plaintiff is **DIRECTED** to file a statement of fees associated with bringing the motion for entry of default and in having to respond to B4 Cattle's motion to set aside default within ten (10) days of the entry of this memorandum opinion and order. *See In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 419 (E.D. Pa. 1981).[6]

### III. B4 CATTLE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5)

Having found that good cause exists for setting aside the entry of default, the Court will consider the proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) as filed, and because it has been fully briefed, the Court will consider it on the merits.

In accord with Fed. R. Civ. P. 4(e), the Court must apply the service of process provisions applicable under West Virginia state law. The rule provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual. . . may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

Fed. R. Civ. P. 4(e). Failure to comply with Rule 4(e) may result in dismissal of a plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(5). In serving a foreign corporation, W. Va. Code § 31D-15-1510(D) reads:

> The service or acceptance of process or notice is sufficient if the return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the secretary of state is refused by the addressee and the registered or

---

[6] As the district court advised in *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. at 419, the Court "strongly advises the parties involved to work out the amount to be paid amicably in order to avoid the potential need for a hearing or submission of affidavits to resolve this relatively minor issue."

9

> certified mail is returned to the secretary of state, or to his or her office, showing thereon the stamp of the United States postal service that delivery thereof has been refused and the return receipt or registered or certified mail is appended to the original process or notice and filed therewith in the clerk's office of the court from which the process or notice was issued.

In other words, "service of process upon a foreign corporation through the Secretary of State is not successful when a registered or certified mailing is returned for any reason other than being accepted or refused" by an agent or employee. *Burkes v. Fas-Chek Food Mart, Inc.*, 617 S.E.2d 838, 842 (W. Va. 2005). Thus, the issue is whether service of process was accepted or refused by an agent or employee of B4 Cattle.

"The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)); *see also Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985); *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citations omitted) ("Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service."). The Court "may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion." *Cranford*, 359 F. Supp. 2d at 984 (citations omitted). If "undisputed evidence shows that the person upon whom process was served is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted." *Sunbeam Corp. v. Payless Drug Stores*, 113 F. Supp. 31, 46 (N.D. Cal. 1953).[7]

---

[7] Should the Court determine that service of process "is insufficient, the [C]ourt has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant."
(continued...)

Bert Smith declared in his affidavit that: "Someone in the office building in Tennessee where B4 Cattle . . . rents office space signed for the certified mailing from West Virginia with the Complaint. It was not anyone who works for or represents B4 Cattle . . . . I do not recognize the signature on the receipt, but it is not my signature or the signature of anyone who is the employee or agent of B4 Cattle . . . ." (Docket 15-2 ¶ 2.) On the other hand, Plaintiff's evidence, in the form of an affidavit from Kevin R. Williams, tends to show that an agent or employee of B4 Cattle, Vi Fingerlow, signed for the Legal Notice. Mr. Williams's affidavit states that on September 17, 2007, Mr. Williams visited the offices of B4 Cattle and spoke with Ms. Fingerlow "who identified herself as the receptionist at the offices where B4 Cattle rents office space[]" and that "part of her job duties as a receptionist" is to "accept[] regular mail and parcel packages, and accept[] and sign[] for certified mail for the office tenants, including Bert Smith . . . and B4 Cattle . . . ." (Docket 20-2 ¶ 2-3.) Further, the affidavit states that Ms. Fingerlow "placed her signature on the certified mail receipt" that was addressed to B4 Cattle and accompanied the summons and complaint. (*See* Docket 20-2 at 3, Ex. A.)

Based on the evidence in the record, the Court **FINDS** that Plaintiff has met its burden of showing that service was properly effected. The summons and complaint were delivered to an address on file with the Secretary of State, which was signed for by a receptionist at the building where B4 Cattle has its offices, and according to that individual, it is a part of her job duties to

---

[7](...continued)
*Cranford*, 359 F. Supp. 2d at 984 (citation omitted).

accept mail on behalf of the tenants of the office building, including B4 Cattle. Thus, the return receipt was signed for by an agent of B4 Cattle and Plaintiff complied with the procedural rules.[8]

### IV. B4 CATTLE'S MOTION TO DISMISS PLAINTIFF'S FRAUD CLAIM[9]

Count III of Plaintiff's complaint alleges a cause of action for fraud. After incorporating the allegations set forth in the previous paragraphs, Count III provides as follows:

> At the time the Defendants took delivery of the cattle as described in Count I above, the Defendants represented to the Plaintiff that the Plaintiff would be paid for the cattle and that the Defendants had sufficient assets to pay for the cattle, but at the time, the Defendants knew, or should have known, that they were not going to, or would be unable to, pay the Plaintiff for the cattle. The Plaintiff shipped the cattle in justifiable reliance upon the Defendants' representations, made with scienter, intentionally, wantonly and/or negligently, and to the Plaintiff's detriment, and as a proximate result, the Plaintiff suffered damages in the amount of $356,388.03 for which the Defendants are liable to the Plaintiff for fraud.

(Docket 1 ¶ 14.)

Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud be stated with particularity. "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted). Conclusory allegations will not satisfy the particularity requirement. *See Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). Moreover, "[a] court should hesitate to dismiss a complaint under Rule

---

[8] Because B4 Cattle's motion to dismiss is denied, Plaintiff's request to have the summons and complaint reissued is **DENIED AS MOOT**.

[9] As was the case with the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), the Court will consider Defendants' proposed motion to dismiss Plaintiff's fraud claim as filed and, because it was fully briefed, address it on the merits.

9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.

In this case, the alleged facts are sufficient enough to make Defendants aware of the particular circumstances for which they will have to prepare a defense for trial. Specifically, the allegations set forth: (1) the time and place of the alleged representations -- when Defendants took delivery of the cattle; (2) the contents of the false representations -- that Plaintiff would be paid for the cattle and that Defendants had sufficient assets to pay for the cattle when they knew they were not able to pay for the cattle; and (3) the identity of the person making the misrepresentation and what was obtained -- the cattle were obtained and the representations were made by "Defendants," including Bert Smith. Accordingly, because these allegations are not conclusory, and because they meet the requirements set forth in *Harrison*, B4 Cattle's motion to dismiss Plaintiff's fraud claim is **DENIED**.

## *V. CONCLUSION*

In summary, the Court **ORDERS** that: (1) Plaintiff's Motion for Entry of Default by Clerk Against B4 Cattle [Docket 6] be **DENIED AS MOOT**; (2) Plaintiff's Motion for Entry of Default Judgment [Docket 6] be **DENIED**; (3) B4 Cattle's Motion to Set Aside Default [Docket 11] be **GRANTED**; (4) Plaintiff's Request for a Bond and/or Costs [Docket 14] be **GRANTED IN PART AND DENIED IN PART**; (5) B4 Cattle's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Docket 15-3] be **DENIED**; (6) Plaintiff's Request to Reissue Summons for B4 Cattle [Docket 19] be **DENIED**; and (7) B4 Cattle's Motion to Dismiss Plaintiff's Fraud Claim Pursuant to Fed. R. Civ. P. 9(b) [Docket 15-3] be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

        ENTER:       December 7, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE